UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO.: 8:02-cr-129-T-23TBM

ITALO MAGNIFICO
                                                              /

**ORDER**

On April 4, 2002, a grand jury returned an indictment against Italo Magnifico. Count I alleges that Magnifico conspired in the Middle District of Florida to distribute 3,4-methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II alleges that Magnifico conspired to import MDMA into the United States in violation of 21 U.S.C. §§ 952(a) and 963. The maximum sentence for each offense exceeds ten years.

Magnifico resided in Canada in 2002. The United States sealed the indictment and attempted to extradite Magnifico from Canada. Although strenuously resisted by Magnifico, extradition occurred on December 6, 2007, and Magnifico appeared before the magistrate judge the next day. After a hearing on January 8, 2008, the magistrate judge ordered Magnifico's conditional release upon the establishment of a $500,000 cash bond and an additional $250,000 unsecured "personal appearance bond" co-signed by Magnifico's wife; establishment of a third-party "custody bond" signed by a Florida attorney residing in Naples, Florida; the maintenance of electronic monitoring;

the establishment of travel restrictions; and Magnifico's surrender of his passport and any other travel documents.  (Doc. 111)  After successfully seeking the magistrate judge's stay of the conditional release order, the United States seeks both revocation of the order of conditional release and Magnifico's detention pending trial.  The United States claims that the risk of Magnifico's flight from the Middle District justifies his detention.

Pre-trial detention of a criminal defendant occurs if "no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(e).  In the circumstances of this case and because of the applicable statutes and penalties, the Bail Reform Act rebuttably presumes the necessity of detention and visits on the defendant the burden to present evidence dissipating the presumptive risk of flight.  If the defendant's evidence sufficiently dissipates the presumptive risk of flight, the United States must re-establish by preponderant evidence the risk of the defendant's flight.  United States v. King, 849 F. 2d 485 (11th Cir. 1988).  Even if the defendant presents evidence to the contrary, the statutory presumption of flight risk carries some weight in finally assessing the balance of the proof.  United States v. Jessup, 757 F. 2d 378 (1st Cir. 1985).

In his written order (Doc. 111), the magistrate judge admirably explains the reasons for conditional release.  The magistrate judge concedes that Magnifico lacks "typical ties" to the Middle District and reasons that establishing a $500,000 cash bond and a $250,000 personal appearance bond, the sum of which the magistrate judge characterizes as a "serious financial stake," ties Magnifico to the Middle District

sufficiently to ensure his appearance at pertinent times.  The United States challenges the magistrate judge's order as follows:

> The reason the United States requests detention is that Magnifico is a flight risk.  The defendant is a Canadian national with no ties to this community or country.  He does not reside here, is not employed here, does not own property here, and has no relatives here.  All of his wealth, material and otherwise, is in Canada.  His wife and three children and family all reside there.  He, according to his testimony at the Nebbia hearing, has a successful business from which he allegedly makes a substantial income.  He resides in a million-dollar home without encumbrance.  He has substantial financial resources outside the United States.  There are enormous illicit proceeds from the charged offenses that are unaccounted for and unacknowledged by the defendant.  He faces a substantial period of incarceration if convicted of the pending charges.  Because he faces a longer prison sentence in the United States than in Canada, he has vigorously contested extradition to the United States for four years. . . .  The defendant does not want to be here in the United States.

I respectfully disagree with the magistrate judge and find that Magnifico lacks any meaningful tie to the Middle District.  The magistrate judge's reliance on the bonds as a "serious financial stake" in the Middle District is misplaced for several reasons, not the least of which is that, absent a complete assessment of Magnifico's financial resources, an observer lacks any reliable notion of the financial gravity to Magnifico of losing $500,000 (or half that amount or five times that amount or any other amount).  The conclusion that the prospective loss of several hundred thousand dollars will deter a person of unknown financial means from fleeing the jurisdiction to avoid imprisonment for a term of years constitutes an event of speculation, which I find both unreliable and unpersuasive.

Because the preponderant evidence establishes that Magnifico presents an unacceptable risk of flight and for the reasons stated by the United States (Doc. 116),

the magistrate judge's order (Doc. 111) of conditional release is **REVOKED** and Magnifico is **DETAINED**.

ORDERED in Tampa, Florida, on January 31, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE